Weng v. Holder

BIA
Hom, IJ
A093 354 119

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT
## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 28th day of October, two thousand fourteen.

PRESENT:
> RICHARD C. WESLEY,
> PETER W. HALL,
> CHRISTOPHER F. DRONEY,
> *Circuit Judges.*

_____

XIAO-YING WENG,
> *Petitioner,*

v.                                      12-3005
                                        NAC

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
> *Respondent.*

_____

FOR PETITIONER:       Gary J. Yerman, Yerman & Associates,
                      LLC, New York, NY.

FOR RESPONDENT:       Stuart F. Delery, Acting Assistant
                      Attorney General; Leslie McKay,
                      Assistant Director; Sara J. Bergene,
                      Trial Attorney, Office of
                      Immigration Litigation, United
                      States Department of Justice,
                      Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DISMISSED in part and in part DENIED.

Petitioner Xiao-Ying Weng, a native and citizen of China, seeks review of a July 11, 2012, order of the BIA, denying her motion to remand and affirming the December 10, 2010, decision of an Immigration Judge ("IJ"), which pretermitted her application for asylum and denied withholding of removal and relief under the Convention Against Torture ("CAT"). *In re Xiao-Ying Weng*, No. A093 354 119 (B.I.A. July 11, 2012), *aff'g* No. A093 354 119 (Immig. Ct. New York City Dec. 10, 2010). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we review the decisions of both the IJ and the BIA. *See Yun-Zui Guan v. Gonzales*, 432 F.3d 391, 394 (2d Cir. 2005) (per curiam). The applicable standards of review are well-established. *See* 8 U.S.C. § 1252(b)(4)(B); *see also Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 165-66 (2d Cir. 2008) (per curiam).

## I. Pretermission of Asylum

Title 8, Section 1158(a)(3) of the United States Code provides that no court shall have jurisdiction to review the agency's finding that an asylum application was untimely under 8 U.S.C. § 1158(a)(2)(B). However, we retain jurisdiction to review constitutional claims and "questions of law." 8 U.S.C. § 1252(a)(2)(D).

Weng's challenges to the agency's pretermission of asylum do not raise reviewable constitutional claims or questions of law. *See Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 329 (2d Cir. 2006). Although Weng correctly notes that the agency confused her alleged date of departure from China with her alleged date of arrival in the United States, this error was harmless and does not constitute fact-finding that is flawed by an error of law because the agency reasonably determined that Weng had not established her arrival on any date within one year of her application's filing. *See Mendez v. Holder*, 566 F.3d 316, 323 (2d Cir. 2009). In addition, Weng's assertion that the agency did not apply the clear and convincing evidence standard is contradicted by the record and merely employs the rhetoric of a question of law to challenge the

correctness of the agency's factual findings. *See Xiao Ji Chen*, 471 F.3d at 329. Weng's contention that the agency committed an error of law by discrediting her bankbook and medical records for a lack of authentication is also misplaced because the agency identified additional bases for according diminished weight to this evidence, which was not authenticated by any means. *See Cao He Lin v. U.S. Dep't of Justice*, 428 F.3d 391, 403 (2d Cir. 2005). As a result, we lack jurisdiction to consider the agency's pretermission of asylum.

II.    Credibility-Based Denial of Forced Abortion Claim

For applications such as Weng's, which are governed by the REAL ID Act, the agency may base a credibility finding on an applicant's demeanor, the plausibility of her account, and inconsistencies in her statements, without regard to whether they go "to the heart of the applicant's claim." 8 U.S.C. § 1158(b)(1)(B)(iii). We "defer to an IJ's credibility determination unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could make such an adverse credibility ruling." *Xiu Xia Lin*, 534 F.3d at 167.

4

Contrary to Weng's assertions, the agency reasonably based its adverse credibility determination on the inconsistency between her testimony and application regarding the number of people who took her for her forced abortion. *Xiu Xia Lin*, 534 F.3d at 167. Although Weng stated that she did not know why her application indicated that five total people were present, rather than the four people she testified to being present, the agency was not required to credit her explanation, which is not necessarily compelling to a reasonable fact-finder. *See Majidi v. Gonzales*, 430 F.3d 77, 80-81 (2d Cir. 2005).

Having called Weng's credibility into question, the agency reasonably determined that her failure to provide sufficient corroborative evidence further undermined her credibility. *See Biao Yang v. Gonzales*, 496 F.3d 268, 273 (2d Cir. 2007) (per curiam)*; see also See Xiao Ji Chen*, 471 F.3d at 342 (holding that the weight accorded to evidence lies largely within the agency's discretion). Contrary to Weng's assertions, the agency did not err in according diminished weight to her family's statements because they were from interested witnesses not subject to cross-examination. *See Matter of H-L-H- & Z-Y-Z-*, 25 I. & N. Dec. 209, 214-215 (B.I.A. 2010), *abrogated in part on*

*other grounds by Hui Lin Huang v. Holder*, 677 F.3d 130 (2d Cir. 2012).  In addition, while Weng argues that the agency improperly declined to credit her medical records due to a perceived inconsistency with her testimony regarding her employment status, where, as here, the agency's inference "is tethered to the evidentiary record, we will accord deference to the finding."  *Siewe v. Gonzalez*, 480 F.3d 160, 168-69 (2d Cir. 2007) (finding that "support for a contrary inference – even one more plausible or more natural – does not suggest error").  Regardless, the medical records did not indicate that she had, in fact, had an abortion.

Because the agency reasonably determined that Weng failed to credibly establish her eligibility for asylum on the basis of her forced abortion claim, it did not err in finding that she also failed to establish her eligibility for withholding of removal and CAT relief on this basis. *See Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir. 2006); *Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 523 (2d Cir. 2005).

III.    Burden-Based Denial of Underground Church Claim

Contrary to Weng's assertion, the IJ did not misstate the regulations or fail to assess whether there was a reasonable possibility that she would be singled out

6

individually for persecution on account of her religious activities. While Weng also asserts that the IJ failed to address her contention that she would be singled out for persecution as an underground church member due to her past violation of the family policy, Weng failed to credibly establish her past family planning policy violation. Weng's argument that the BIA misapplied the standard of review under *Hui Lin Huang v. Holder*, is also misplaced because the BIA applied clear error review to the IJ's factual determination that Weng would not be persecuted in China and applied *de novo* review to the IJ's ultimate determination that Weng had not meet her burden of demonstrating a well-founded fear of persecution. *See* 677 F.3d 130, 133-34 (2d Cir. 2012). Moreover, Weng does not challenge the agency's determination that the country conditions evidence did not reflect incidents of religious repression in her home province of Fujian.

Because the agency did not err in finding that Weng failed to demonstrate a well-founded fear of persecution on account of her religious activities, it also did not err in finding that she failed to meet the higher burden required for withholding of removal or CAT relief. *See Lecaj v. Holder*, 616 F.3d 111, 119-20 (2d Cir. 2010).

## IV.    Motion to Remand

The BIA's denial of a motion to remand that relies on new evidence is held to the substantive standard for motions to reopen, and is reviewed for abuse of discretion.  *Li Yong Cao v. U.S. Dep't of Justice*, 421 F.3d 149, 156 (2d Cir. 2005).  "A motion to reopen proceedings shall not be granted unless it appears to the Board that evidence sought to be offered is material and was not available and could not have been discovered or presented at the former hearing."  8 C.F.R. § 1003.2(c)(1); *Norani v. Gonzales*, 451 F.3d 292, 294 & n.3 (2d Cir. 2006).

Contrary to Weng's assertions, the BIA did not abuse its discretion in denying her motion to remand.  *See Kaur v. BIA*, 413 F.3d 232, 233-34 (2d Cir. 2005) (per curiam).  The BIA reasonably determined that Weng's evidence related to her forced abortion claim was not material because it did not rebut the prior adverse credibility determination.  *See Kaur*, 413 F.3d at 234 (affirming the BIA's denial of an untimely motion to reopen on the basis that the petitioner's evidence "was not 'material' because it did not rebut the adverse credibility finding that provided the basis for the IJ's denial of petitioner's underlying asylum application"

8

(citation omitted)). Similarly, the BIA did not err in finding that Weng's photographs of her religious activities at her new church were immaterial because they did not establish that the Chinese government was or would likely become aware of her religious activities. *See* 8 C.F.R. § 1003.2(c)(1); *Hongsheng Leng v. Mukasey*, 528 F.3d 135, 142-43 (2d Cir. 2008). Weng also argued that the evidence concerning the birth of her second child in the United States placed her in violation of the one-child policy, but to the extent that Weng's proffered evidence includes proof of the birth of her second child, it is nevertheless immaterial because the record contains no evidence demonstrating that Weng would likely be persecuted in China for violating the one-child policy. *See Matter of H-L-H- & Z-Y-Z-*, 25 I. & N. Dec. 209, 213-14 (BIA 2010), *abrograted in part on other grounds by Hui Lin Huang v. Holder*, 677 F.3d 130 (2d Cir. 2012); *see also Matter of S-Y-G-*, 24 I. & N. Dec. 247, 255 (BIA 2007).

For the foregoing reasons, the petition for review is DISMISSED, as it relates to the agency's pretermission asylum, and DENIED, in all other respects. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any

pending motion for a stay of removal in this petition is DISMISSED as moot.  Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk
